CHARLES W. COIT ET AL. V. EDWIN A. BURLINGAME, JUDGE OF THE SUPERIOR COURT OF GRAND RAPIDS.

FINDINGS OF FACT—FILING OF REQUEST FOR AFTER ANNOUNCEMENT OF JUDGMENT—ENTRY OF JUDGMENT AS OF DATE OF ITS ANNOUNCEMENT AFTER THE FILING OF SUCH REQUEST.

Relator applied for *mandamus* to compel the respondent to set aside an order vacating a judgment entered as of the date of its announcement, but in *fact* entered at a later date, a request for findings of fact and law having been filed in the *interim.* An order to show cause was denied.

*C. H. Gleason,* for relator, contended:

1. That the only object in vacating the judgment was to give the defendant the right to file a request for special findings which he should have filed before the decision of the case; that the court had no power to vacate the judgment for any such purpose.

2. That counsel for defendant based his motion to vacate the judgment on the claimed right to file a request for special findings at any time before the actual entry of judgment; that How. Stat. §§ 6486, 6487, provide "that upon the trial of a question of fact by the court without a jury, the decision of the court shall be given on or before the first day of the term succeeding that in which the cause was submitted," and that "in giving the decision the court shall specify the facts found and the conclusions of law thereon upon the request of either party;" that such request should have been filed before the case was decided; that the case was decided when the court announced its decision in open court, and not when the judgment was actually entered; citing *Brown v. Haak*, 48 Mich. 229; Circuit Court Rule No. 87.

3. That it cannot be said that the parties did not anticipate that the court would decide the case when it did, because the court had the right to render its decision at any time after the proofs were taken and the case submitted for

decision, of which fact it was the duty of the parties to take notice.

The facts as alleged in the petition for *mandamus* were:

*a*—That the case in which the proceedings complained of were had was tried before the court without a jury; that the testimony was closed January 30, 1896; that on February 14, 1896, counsel for the respective parties appeared before the court, and made their arguments, which were supplemented by the filing of briefs

*b*—That on February 29, 1896, relators' counsel was notified by telephone that respondent was ready to decide the case; that both parties, by their counsel, appeared, and said decision was announced in open court, namely, that relators have judgment for a stated sum, with interest thereon computed from a given date; that the clerk of the court then and there made an entry of said decision in a book kept by him in said court for the purpose of making such entries, after which the sheriff's officer, by order of respondent, adjourned said court.

*c*—That at no time during said session of court was anything said to indicate that the judgemnt so announced was provisional or conditional, neither did the representative of the defendant then present make any request for time in which to file a request for findings of fact or law, nor was any request made for such findings.

*d*—That on March 3, 1896, counsel for defendant filed a request for findings of fact and law.

*e*—That on March 11, 1896, general findings, to the effect that the defendant did undertake and promise in manner and form as the plaintiffs had in their declaration complained against it, and that the damages of the plaintiffs were assessed at a stated sum, were entered in the journal of the court, which entry was followed by the usual judgment entry in an action of *assumpsit*, both of which entries were duly entitled in the case.

*f*—That on March 26, 1896, on motion of the counsel for the defendant an order was made vacating the judgment so entered as aforesaid, and directing that a provisional judgment be entered under date of March 11, 1896, said judgment not to be final until findings of fact and law were filed.

*g*—That on April 21, 1896, a motion, made by relators to vacate said last mentioned order, was denied. (Copies of affidavits filed in support of and in opposition to the motion to vacate said judgment were attached to the petition for *mandamus*, those on the part of the defendant tending to show that its attorneys were taken by surprise by the entry of the judgment without the filing of findings of fact and law.    EDITOR.)